**WO**                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Ted Johnson, | ) | No. CV CIV 06-113-PHX-MHM (VAM) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner, who is confined in the Arizona State Prison Complex-Tucson, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court will order an answer.

**A.    Motion to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00. See Local Rule of Civil Procedure 3.5(b) (excess of $25.00 requires payment of the filing fee). Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.    Petition**

Arizona Department of Corrections Director Dora Schriro is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent.

**TERMPSREF**

1    Petitioner challenges his August 17, 2000 judgment of conviction in Maricopa County
2    Superior Court, case number CR 99-14151, for aggravated assault.
3        Petitioner raises three grounds for relief in support of the Petition: 1) Petitioner's trial
4    counsel was ineffective in violation of the Sixth Amendment; 2) Petitioner's Fifth and
5    Fourteenth Amendment due process rights were violated when the prosecution failed to
6    disclose exculpatory information; and 3) Petitioner's Fifth and Fourteenth Amendment due
7    process rights were violated by prosecutorial misconduct at his trial.
8        Petitioner states that he has presented each of these grounds to the Arizona Supreme
9    Court. A review of the Petition indicates an answer is required.  28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED that:**

(1)  Petitioner's Application to Proceed *In Forma Pauperis* is granted.

(2)  A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).   If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)  Petitioner may file a reply within thirty (30) days from the date of service of the answer.

(5)  Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for

TERMPSREF                                                                 - 2 -

1 consideration by the Court.  Petitioner shall include with the original document and copy, to
2 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
3 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
4 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
5 Court may be disregarded by the Court.

6 (6) At all times during the pendency of this action, Petitioner shall immediately
7 advise the Court of any change of address and its effective date.  Such notice shall be
8 captioned "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only
9 information pertaining to the change of address and its effective date.  The notice shall not
10 include any motions for any other relief.  Failure to file a Notice of Change of Address may
11 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
12 Procedure 41(b).

13 (7) Aside from the two copies of the petition or amended petition that must be
14 submitted, a clear, legible copy of every pleading or other document filed shall accompany
15 each original pleading or other document filed with the Clerk for use by the District Judge
16 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
17 may result in the pleading or document being stricken without further notice to Petitioner.

18 (8) This matter is referred to Magistrate Judge Virginia A. Mathis  pursuant to Local
19 Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and
20 recommendation.

21 DATED this 6th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 3 -