IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Frank Ted Johnson,              )
                                )
                 Petitioner,    )
                                )
        v.                      )   CIV 06-113 PHX MHM (VAM)
                                )
Dora Schriro, et al.,           )   REPORT AND RECOMMENDATION
                                )
                 Respondents.   )
_____)

TO THE HONORABLE MARY H. MURGUIA, U.S. DISTRICT JUDGE.

     Frank Ted Johnson ("petitioner") filed a pro se Petition for
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner
raises three grounds for relief in the petition.  (Doc. 1 at pp.
5, 7-8).  Respondents filed an answer opposing the granting of
habeas relief.  (Doc. 8).

                          **I. BACKGROUND**

     Petitioner was convicted of aggravated assault in Maricopa
County Superior Court on August 17, 2000.  (Doc. 8 at Exhibit C).
On September 18, 2000, the trial court sentenced petitioner to 7.5
years in prison with credit for 358 days already served.  (Id. at
Exhibit E).  Petitioner filed a direct appeal.  Appointed counsel
filed a brief pursuant to Anders v. California, 386 U.S. 738
(1969).  Although counsel "found no arguable question of law that
is not frivolous," counsel noted petitioner requested that he

raise the following issues:

> **1.** The prosecutor was guilty of misconduct for **A)** failing to provide the pre-sentence report two days prior to sentencing; **B)** failing to provide a 911 tape transcript; and, **C)** presenting witnesses without personal knowledge;

> **2.** Constitutional rights were violated including **A)** speedy trail; **B)** unreasonable bond; **C)** malicious prosecution; **D)** deliberate-indifference-injuries while in custody; and **[E])** ineffective assistance of counsel;

> **3.** Ineffective assistance of counsel: [petitioner] has listed eleven suggested claims of ineffective assistance of counsel, however, undersigned counsel has informed [petitioner] by telephone that these claims must first be raised in Rule 32, post-conviction relief proceedings.

(Doc. 8, Exhibit I at p. 10) (emphasis added).  The Arizona Court of Appeals issued a memorandum order affirming petitioner's conviction and sentence on April 19, 2001.  (Id. at Exhibit K). The Arizona Supreme Court denied review and the state Court of Appeals issued its order and mandate on September 5, 2001.  (Id. at Exhibit P).

Petitioner filed a notice of post-conviction relief prior to sentencing which was dismissed.  (Doc. 8 at Exhibits D and G). Petitioner later filed three separate post-conviction relief proceedings in state court.  Petitioner filed his first Notice of Post-Conviction Relief on September 29, 2000, while his direct appeal was still pending.  (Doc. 8 at Exhibit F).  On May 22, 2001, petitioner filed another notice of post-conviction relief and an actual petition.  (Id. at Exhibits N and O).  The trial court denied the petition on September 10, 2001.  (Id. at Exhibit Q).  Although there is nothing in the record which would support this claim, petitioner states he filed a petition for review in

the Arizona Court of Appeals but the court denied the petition on February 26, 2002.  (Doc. 1 at p. 2).

On January 10, 2002, petitioner initiated a second Rule 32 by filing a Notice of Post-Conviction Relief and an accompanying petition in the trial court.  (Doc. 8 at Exhibits S and T).  The trial court summarily denied the petition on the basis that all claims raised were precluded because petitioner could have raised the claims on direct appeal or in his first Rule 32.  (Id. at Exhibit U).  Petitioner filed for review in the Arizona Court of Appeals but the court denied review without comment on March 4, 2003.  (Id. at Exhibits V, X).

On December 31, 2003, petitioner filed a "PETITION FOR WRIT OF HABEAS CORPUS" in the trial court.  (Doc. 8 at Exhibit Y).  The trial court treated this filing as a third Rule 32 petition and summarily dismissed because all claims raised were precluded pursuant to Ariz.R.Crim.P. 32.2(a).  (Id. at Exhibit Z).  The Arizona Court of Appeals denied a petition for review without comment on May 19, 2005.  (Id. at Exhibits AA and EE).  The Arizona Supreme Court also denied review on December 8, 2005. (Id. at Exhibits BB and EE).

On January 9, 2006, petitioner filed a federal habeas corpus petition raising the following grounds:

**GROUND I:** INEFFECTIVE ASSISTANCE OF COUNSEL - SIXTH AMENDMENT.

JOSEPH STAZZONE, ATTY, TOLD JUDGE DOUGHERTY 1 WEEK BEFORE TRIAL HE COULD NOT PREPARE A PROPER DEFENSE IN ONE WEEK'S TIME AND HE PLANNED A VACATION IN ONE WEEK. STAZZONE DID NOT INVESTIGATE ANYTHING MORE THAN POLICE REPORTS WHICH STATED VICTIM ARNOLD STATING A BLACK MAN DID THE ATTACK BEFORE TALKING TO POLICE AND OTHERS TO

3

1  COME UP WITH WHAT HAPPENED.  ARNOLD TESTIFIED TO THIS
   FABRICATION AT TRIAL AND STAZZONE DID NOT OBJECT FOR
2  FABRICATION INCONSISTENT STATEMENTS, HEARSAY, CREATING A
   PROCEDURAL DEFAULT THAT WAS SO OBVIOUS THAT THE
3  INTEGRITY OF THE COURT WAS COMPROMISED.  THE JUDGE AND
   PROSECUTOR WERE DERELICT IN NOT RULING AGAINST IT.
4  APPEAL & POST CONVICTIONS LAWYERS THAT WERE COURT
   APPOINTED DID NOT NOTICE THIS SO I WROTE IT IN MY
5  SUPPLEMENTAL BRIEFS.  PAGES 60 & 85 OF TRIAL 8-16-00,
   ARNOLD TESTIFIES; I'VE PUT ALMOST ALL THAT TOGETHER; AND
6  THAT'S FROM APPOINTED ATTORNEY INFERS A LACK OF
   DILIGENCE OR AVACATION [sic] ON STAZZONE'S MIND, APPEAL
7  & PCR ATTY'S SHOW A LACK OF VISION.  ALTOGETHER THESE
   COURT APPOINTED ATTORNEYS CAUSED UNREASONABLE
8  PROBABILITY, ABSENT ERRORS AND OMISSIONS, THAT THE
   RATIONAL FACTFINDERS WOULD HAVE HAD A REASONABLE DOUBT
9  RESPECTING GUILT.  IF ARNOLD'S TESTIMONY WAS IMPEACHED
   FOR FABRICATION INCONSISTENT STATEMENTS, HEARSAY OR
10 OTHER REASONS, THE EVIDENCE AGAINST ME WOULD NOT BE
   ENOUGH TO CONVICT.  THE EXCITED UTTERANCE IMMEDIATELY
11 AFTER THE INCIDENT COULD LEAD A RATIONAL TRIER OF FACT
   TO BELIEVE A BLACK MAN DID THE ATTACK.  THE RESULTING
12 PREJUDICE FROM POOR PERFORMANCE OF COUNSEL CAUSE A
   GUILTY VERDICT.  ARNOLD WAS TAPE RECORDED DISCUSSING A
13 PLAN TO SET ME UP FOR A FALSE ARREST PRIOR TO THE SETUP.

14 **[NO GROUND II].**

15 **GROUND III:** 14TH AMENDMENT - DUE PROCESS - DENIAL OF
   UNREQUESTED EXCULPATORY EVIDENCE BRADY RULE VIOLATION.
16
17 [PETITIONER] PLEADED NOT GUILTY IN COURT. [PETITIONER]
   TESTIFIED TO HIS INNOCENCE DURING TRIAL. [PETITIONER]
18 STATED HIS INNOCENCE IN HIS POST CONVICTION PRO SE
   SUPPLEMENT. [PETITIONER] STATED HIS INNOCENCE IN HIS
19 APPEAL PRO SE SUPPLEMENT. [PETITIONER] STATED HIS
   INNOCENCE IN HIS SECOND POST CONVICTION RELIEF/STATE
20 HABEAS CORPUS. [PETITIONER] STATED HIS INNOCENCE IN THE
   APPEALS COURT. [PETITIONER] STATED HIS INNOCENCE IN THE
21 ARIZONA SUPREME COURT. [PETITIONER] STATED IN HIS TRIAL
   THAT VICTIM ARNOLD TOLD HIM OF A PLAN TO SET
22 [PETITIONER] UP TO BE ARRESTED 9-25-99, THE NIGHT BEFORE
   THE ARREST. [PETITIONER] TAPE RECORDED VICTIM ARNOLD
23 TELLING HIM OF THE PLAN TO HAVE HIM SET UP ON A
   MICROCASSETTE RECORDER THAT WAS ON THE LIVING ROOM
24 TABLE. IN [PETITIONER'S] APARTMENT.  THIS TAPE RECORDING
   IS EXCULPATORY EVIDENCE THAT WAS IN THE POSSESSION,
25 CUSTODY AND CONTROL AFTER THE SET-UP WAS COMPLETED.
   DENYING [PETITIONER] OF THIS EXCULPATORY EVIDENCE
26 RESULTED IN THE CONVICTION OF AN INNOCENT COLLEGE
   STUDENT WHO PLANNED TO ATTEND GRAND CANYON UNIVERSITY TO
27 BECOME A PHYSICIAN'S ASSISTANT. [PETITIONER] HAS NO
   HISTORY OF VIOLENCE THROUGHOUT HIS LIFETIME.  MOST

28                                    4

1    PEOPLE WHO ARE VIOLENT SHOW THIS TENDENCY BETWEEN AGES
     13 AND 25.  FOR A COLLEGE STUDENT TO BECOME VIOLENT AT
2    AGE 44 IS HIGHLY UNLIKELY.

3    **GROUND IV:** PROSECUTORIAL MISCONDUCT - VOUCHING - DUE
     PROCESS VIOLATION 5TH AND 14TH AMENDMENT VIOLATIONS.
4
     PROSECUTOR KERRY SIMPSON REPEATEDLY VOUCHED FOR HER
5    STATE WITNESS ARNOLD'S CREDIBILITY BY STATING
     [PETITIONER] WAS GUILTY AND [PETITIONER] DID THE CRIME
6    WITHOUT PERSONAL KNOWLEDGE.  I TOOK A COMMUNICATION
     CLASS WHICH STATED REPEATING ANYTHING THREE TIMES IS HOW
7    TO GET AN AUDIENCE TO REMEMBER THE STATEMENT.  SINCE
     PROSECUTOR KERRY SIMPSON EXCEEDED THE THREE REPETITIONS
8    RULE, THIS RESULTED IN THE JURORS REMEMBERING THE
     STATEMENT AND BELIEVING THESE ILLEGALLY ADMITTED
9    STATEMENTS TO MAKE UP THE MINDS OF THE JURORS FOR THEM.
     A PROSECUTOR HAS NO BUSINESS TELLING THE JURY HER
10   INDIVIDUAL IMPRESSIONS OF THE EVIDENCE.  BECAUSE SHE IS
     THE SOVEREIGN'S REPRESENTATIVE, THE JURY MAY BE MISLED
11   INTO THINKING HER CONCLUSIONS HAVE BEEN VALIDATED BY THE
     GOVERNMENT'S INVESTIGATORY APPARATUS.  THE PROSECUTOR
12   MAY NOT VOUCH FOR THE CREDIBILITY OF THE WITNESS EITHER
     BY PUTTING ITS OWN PRESTIGE BEHIND THE WITNESS, OR BY
13   EXPRESSING HER OPINION OF THE [PETITIONER'S] ALLEGED
     GUILT.  THIS ILLEGAL ACTIVITY MATERIALLY AFFECTED THE
14   VERDICT PREJUDICED [PETITIONER'S] TRIAL.

15   (Doc. 1 at pp. 5, 7-8).

16                        **II. DISCUSSION**

17       Respondents first contend that petitioner's claims are barred

18   by the one-year statute of limitations provided at 28 U.S.C. §

19   2244(d).  (Doc. 8 at pp. 4-6).  Alternatively, respondents contend

20   all petitioner's claims are procedurally barred from consideration

21   on federal habeas review.  (_Id._ at pp. 9-15).

22       **A. Statute of Limitations**

23       As part of the Anti-Terrorism and Effective Death Penalty Act

24   of 1996 ("AEDPA"), Congress provided a 1-year statute of

25   limitations for all applications for writs of habeas corpus filed

26   pursuant to 28 U.S.C. § 2254, challenging convictions and

27   sentences rendered by state courts.  This provision, codified at

28                                  5

28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief."  Beeler, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date his process of direct review came to an end."  Id.  The Court, following other circuits, also held that the period of limitations

1    "did not begin to run against any state prisoner prior to the

2    statute's date of enactment" of April 24, 1996.  Beeler, 128 F.3d

3    at 1287.   Thus, all federal habeas corpus claims concerning state

4    court judgments finalized prior to April 24, 1996, had to be filed

5    by April 23, 1997,[1] or they were barred by the statute of

6    limitations absent a showing the circumstances surrounding the

7    filing of the petition fell into one of the categories listed in §

8    2244(d)(1)(B)-(D).

9        The Beeler Court also held § 2244(d) established a customary

10   statute of limitations period "subject to equitable tolling."  Id.

11   at 1288-89.  The statute itself provided for tolling the

12   limitations period when a "properly filed application for State

13   post-conviction or other collateral relief with respect to the

14   pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

15   However, the Court cautioned that equitable tolling of the

16   limitations period "will not be available in most cases but will

17   only be granted if 'extraordinary circumstances' beyond a

18   prisoner's control make it impossible to file a petition on time."

19   Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United

20   States, 107 F.3d 696, 701 (3rd Cir. 1997)).

21       **B. Application of Law to Facts of the Case**

22       Respondents assert that a total of 456 days of untolled time

23   elapsed following the dismissal of petitioner's first Rule 32

24   _____

25   [1] The Ninth Circuit has held that, pursuant to the counting
     provisions outlined in Fed.R.Civ.P. 6, the one-year limitations
26   period for all habeas petitioner's challenging convictions or
     sentences finalized prior to the April 24, 1996 effective date of
     the AEDPA is April 24, 1997.  Patterson v. Stewart, 251 F.3d 1243,
27   1246 (9th Cir. 2001).

28                                    7

proceeding by the trial court on September 10, 2001 and his filing
of the federal habeas petition on January 9, 2006.  (Doc. 8 at p.
6).  Specifically, respondents contend that 122 days of untolled
time elapsed between denial of the first Rule 32 by the trial
court and the filing of the notice in the second Rule 32 on
January 10, 2002.  Respondents contend an additional 302 days of
untolled time elapsed between denial of the second Rule 32 by the
Arizona Court of Appeals on March 4, 2003, and the filing of a
state habeas petition (treated as a third Rule 32 by the trial
court) on December 31, 2003.  Finally, respondents assert an
additional 32 days of untolled time elapsed between the Arizona
Supreme Court's denial of review of the third Rule 32 on December
8, 2005, and the filing of petitioner's federal habeas petition on
January 9, 2006.  (See Doc. 8 at p. 6).

       To support their analysis, respondents have included print-
outs of state court docket sheets showing the filings in
petitioner's direct appeal and three post-conviction relief
proceedings.  (Doc. 8 at Exhibits CC, DD and EE).  Review of this
documentation supports the time-lines outlined by respondents.
Conversely, petitioner's claim that the Arizona Court of Appeals
denied review of his first Rule 32 petition on February 26, 2002,
(see Doc. 1 at p. 2), is not supported by the state court docket
sheets.  The docket sheets provide no indication that petitioner
sought review of the denial of his first Rule 32 petition by the
trial court on September 10, 2001.  This is telling because the
petitions for review to the state appellate courts filed by
petitioner in his second and third Rule 32 proceedings are noted

1   in the docket.   (See id.).

2       Based on the documentation of the state court procedural

3   history included in the record, more than 365 days of untolled

4   time elapsed between the denial of petitioner's first Rule 32

5   petition by the trial court on September 10, 2001,[2] (see Doc. 8,

6   Exhibit Q and Exhibit CC at p. 3) and the filing of his federal

7   habeas petition on January 9, 2006.[3]

8       Approximately 450 days elapsed between September 10, 2001 and

9   January 9, 2006, during which petitioner had nothing pending in

10  state court.  Because petitioner had no proceedings pending in

11  state court during that time to toll the limitations period, his

12  claims are now barred.  See Biggs v. Duncan, 339 F.3d 1045, 1048

13  (9th Cir. 2003) (limitations period is not tolled during interval

14  between separate collateral review proceedings because no

15  proceeding is "pending" during this time); King v. Roe, 340 F.3d

16  821, 823 (9th Cir. 2003) (same).   Petitioner has provided no

17  basis to justify equitable tolling during these 450 or so days and

18  none is apparent from the record.

19      Because the claims presented in the habeas petition are

20  barred by the statute of limitations, the Magistrate Judge will

21  _____

22      [2]Petitioner's first Rule 32 was filed while his direct appeal
    was still pending.  (See Doc. 8 at Exhibit P and Exhibit F).  As a
23  result, the limitations period did not commence until the
    conclusion of petitioner's first Rule 32.

24

25      [3]The petitioner's signature on his federal habeas petition is
    dated January 3, 2006.  Even assuming he handed the petition to
26  prison officials for filing on that day, and thus should be
    credited with filing the petition at that time, petitioner still
27  has 450 days of untolled time to account for.  (See Doc. 1 at p.
    9).

28                                      9

1    not address respondents' alternative argument that petitioner's

2    claims were procedurally defaulted in state court.

3        **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of

4    Habeas Corpus be denied as untimely.

5        This Report and Recommendation is not an order that is

6    immediately appealable to the Ninth Circuit Court of Appeals.  Any

7    notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of

8    Appellate Procedure, should not be filed until entry of the

9    district court's order and judgment.  The parties shall have ten

10   (10) days from the date of service of this Report and

11   Recommendation within which to file specific written objections

12   with the Court.  Thereafter, the parties shall have ten (10) days

13   within which to file a response to the objections.  Failure to

14   timely file objections to the Magistrate Judge's Report and

15   Recommendation will be considered a waiver of a party's right to

16   de novo consideration of the factual issues and will constitute a

17   waiver of a party's right to appellate review of the findings of

18   fact in an order or judgment entered pursuant to the Magistrate

19   Judge's Report and Recommendation.

20       DATED this 27th day of June, 2006.

21

22   _____

                    Virginia A. Mathis

23                  United States Magistrate Judge

24

25

26

27

28                          10