IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Ted Johnson,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et. al.,<br><br>    Respondents. | No. CIV 06-113-PHX MHM (VAM)<br><br>**ORDER** |

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt. #1). This matter was referenced to Magistrate Judge Virginia A. Mathis. who has issued a Report and Recommendation that recommends the Petition be denied as untimely. (Dkt. #9). Petitioner filed a Motion to Vacate Sentence after the Report and Recommendation was issued and Respondents filed a reply to this motion. (Dkt. #11 & 12).

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. On September 18, 2000, Petitioner was sentenced in Maricopa County Superior Court to 7.5 years in prison with credit for 358 days already served for aggravated assault. (Respondents' Answer, Ex. C & E). On April 19, 2001, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum decision. (*Id.*, Ex. K). The Arizona Supreme Court denied a petition for review on August 7, 2001. (*Id.*, Ex.P). The Arizona Court of Appeals issued its order and mandate on September 5, 2001. (*Id.*).

While his appeal was still pending, Petitioner filed a notice of post-conviction relief on September 29, 2000. (Dkt. #8 at Ex. F). On May 22, 2001, Petitioner filed another notice of post-conviction relief and an actual petition. (*Id.* at Ex. N & O). The trial court denied the petition on September 10, 2001. (*Id.*, at Ex. Q).

On January 10, 2002, Petitioner initiated a second Rule 32 by filing a notice of post-conviction relief and an accompanying petition in the trial court. (*Id.,* Ex. S & T). The trial court summarily denied the petition on the basis that all claims raised were precluded because Petitioner could have raised the claim on direct appeal or in his first Rule 32. (*Id.*, at Ex. U). The Arizona Court of Appeals denied a petition for review without comment on March 4, 2003. (*Id.* at Ex. V & X).

On December 31, 2003, Petitioner filed a "PETITION FOR WRIT OF HABEAS CORPUS" in the trial court. (*Id.*, at Ex. Y). The trial court treated this filing as a third Rule 32 petition and summarily dismissed because all claims raised were precluded pursuant to Ariz.R.Crim.P. 32.2(a). (*Id.*, Ex. Z). The Arizona Court of Appeals denied a petition for review without comment on May 19, 2005. (*Id.*, at Ex. AA & EE). The Arizona Supreme Court also denied review on December 8, 2005. (*Id.,* at Ex. BB & EE).

On January 9, 2006, Petitioner filed a federal habeas corpus petition. (Dkt. #1). In his petition for relief under § 2254, Petitioner alleges the following grounds: (1) violation of the Sixth Amendment for ineffective assistance of counsel because his counsel did not make proper investigations in his case or have enough time to prepare a proper defense; (2) a

1 violation of the Due Process Clause of the Fourteenth Amendment because the court did not
2 allow into evidence a tape recording in which the victim allegedly confessed to planning on
3 getting Petitioner arrested; and (3) prosecutorial misconduct because the prosecutor vouched
4 for her state witness' credibility.

5 Based upon the time line referenced above, the Magistrate Judge recommends that
6 Petitioner's habeas corpus petition before this Court be denied as untimely pursuant to the
7 Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).
8 Specifically, pursuant to § 2244(d)(1) a federal habeas petition "must be filed within one year
9 of the latest of the date on which ... the judgment became final after the conclusion of direct
10 review or the time passed for seeking direct review..."  The running of this one-year statute
11 of limitations is tolled during any period when "a properly filed application for state post-
12 conviction or other collateral review with respect to the pertinent judgment or claim is
13 pending" in any state court. § 2244(d)(2). Petitioner's conviction became final on September
14 18, 2000.  The limitations period ran for approximately 450 days following the dismissal of
15 Petitioner's first Rule 32 proceeding on September 10, 2001, and his filing of the federal
16 habeas petition on January 9, 2006.  Respondents contend that 122 days of untolled time
17 elapsed between the denial of the first Rule 32 and the filing of the notice in the second Rule
18 32 on January 10, 2002.  Respondents contend an additional 302 days of untolled time
19 elapsed between the denial of the second Rule 32 on March 4, 2003, and the filing of a state
20 habeas petition (treated as a third Rule 32) on December 31, 2003.  Finally, Respondents
21 assert an additional 32 days of untolled time elapsed between the Arizona Supreme Court's
22 denial of review of the third Rule 32 on December 8, 2005, and the filing of Petitioner's
23 federal habeas petition on January 9, 2006. Lastly, Petitioner has provided no basis to justify
24 equitable tolling during these 450 or so days and none is apparent from the record.

25 Subsequent to the Magistrate Judge's filing of the Report and Recommendation,
26 Petitioner filed a Motion to Vacate Sentence on July 14, 2006, after the ten day allowable
27 time period for filing an objection.  Respondents request that this motion be treated as an
28

1 objection to the Report and Recommendation, or in the alternative, that it be dismissed as an
2 improper attempt to file a successive habeas petition.

3       To the extent that Petitioner's motion is treated as an objection, it does not state a
4 colorable objection to the Report and Recommendation, despite the language in the Report
5 and Recommendation that "The parties shall have ten (10) days from the date of service to
6 this Report and Recommendation within which to file specific written objections with the
7 Court." Alternatively, Petitioner's motion is treated as an attempt to file a successive habeas
8 petition. Before a "second or successive" § 2254 petition may be filed in the district court,
9 a petitioner must first obtain an order from the court of appeals authorizing the district court
10 to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The court of appeals will not issue an
11 order authorizing a successive petition unless the petition meets the requirements of 28
12 U.S.C. § 2244(b)(2). Petitioner has not presented an authorization order from the United
13 States Court of Appeals for the Ninth Circuit. In the absence of proper authorization, this
14 Court lacks jurisdiction over the merits of a "second or successive" petition. *See Cooper v.*
15 *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), *cert. denied*, 538 U.S. 984
16 (2003). Consequently, to the extent the motion is treated as an objection, it does not state a
17 colorable objection and therefore, is denied. In the alternative, the motion is an attempt to
18 file a successive habeas petition and without proper authorization by the Ninth Circuit it is
19 denied.

20       The Court finds itself in agreement with the Magistrate Judge that Petitioner's habeas
21 corpus petition is untimely and therefore, should be denied.

22       **Accordingly,**

23     **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate the Magistrate
24 Judge's Report and Recommendation (Dkt.#11) are overruled;

25     **IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation
26 of the Magistrate Judge as the Order of this Court. (Dkt. #9).

27     **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus filed
28 under 28 U.S.C. § 2254 (Dkt. #1) is denied as untimely.

1 **IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Dkt.
2 #10) is denied as moot.
3 DATED this 20th day of December 2006.

_____
Mary H. Murgula
United States District Judge